MARC J. FAGEL (State Bar No. 154425)
fagelm@sec.gov
JUDITH L. ANDERSON (State Bar No. 124281)
andersonju@sec.gov

Attorneys for Plaintiff
SECURITIES AND EXCHANGE COMMISSION
44 Montgomery Street, Suite 2600
San Francisco, California 94104
Telephone: (415) 705-2500

Filed

JUN 6 2008

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | Civil Action No. 00-03570 SI |
| Plaintiff, | |
| vs. | **CONSENT OF ALBERT BERGONZI TO ENTRY OF FINAL JUDGMENT** |
| JAY GILBERTSON, ALBERT BERGONZI, and DOMINICK DEROSA, | |
| Defendants. | |

1. Defendant Albert Bergonzi ("Defendant") acknowledges having been served with the complaint in this action, and, having answered the complaint, admits the Court's jurisdiction over Defendant and over the subject matter of this action.

2. Without admitting or denying the allegations of the complaint (except as to personal and subject matter jurisdiction, which Defendant admits), Defendant hereby consents to the entry of the final Judgment in the form attached hereto (the "Final Judgment") and incorporated by reference herein, which, among other things:

    (a) permanently restrains and enjoins Defendant from violation of Section 17(a) of the Securities Act of 1933 ("Securities Act") [15 U.S.C. § 77q(a)], Sections 10(b) and 13(b)(5) of the Securities Exchange Act of 1934 ("Exchange Act")

        [15 U.S.C. §§ 78j(b) and 78m(b)(5)] and Rules 10b-5 and 13b2-1 thereunder [17 C.F.R. §§ 240.10b-5 and 240.13b2-1];

    (b)    orders Defendant to pay a civil penalty in the amount of $110,000.00 under Section 21(d)(3) of the Exchange Act [15 U.S.C. § 78u(d)(3)]; and

    (c)    prohibits Defendant from acting as an officer or director of any issuer that has a class of securities registered pursuant to Section 12 of the Exchange Act [15 U.S.C. § 78l] or that is required to file reports pursuant to Section 15(d) of the Exchange Act [15 U.S.C. § 78o(d)].

3.    Defendant agrees that he shall not seek or accept, directly or indirectly, reimbursement or indemnification from any source, including but not limited to payment made pursuant to any insurance policy, with regard to any civil penalty amounts that Defendant pays pursuant to the Final Judgment, regardless of whether such penalty amounts or any part thereof are added to a distribution fund or otherwise used for the benefit of investors. Defendant further agrees that he shall not claim, assert, or apply for a tax deduction or tax credit with regard to any federal, state, or local tax for any penalty amounts that Defendant pays pursuant to the Final Judgment, regardless of whether such penalty amounts or any part thereof are added to a distribution fund or otherwise used for the benefit of investors.

4.    Defendant waives the entry of findings of fact and conclusions of law pursuant to Rule 52 of the Federal Rules of Civil Procedure.

5.    Defendant waives the right, if any, to a jury trial and to appeal from the entry of the Final Judgment.

6.    Defendant enters into this Consent voluntarily and represents that no threats, offers, promises, or inducements of any kind have been made by the Commission or any member, officer, employee, agent, or representative of the Commission to induce Defendant to enter into this Consent.

7.    Defendant agrees that this Consent shall be incorporated into the Final Judgment with the same force and effect as if fully set forth therein.

8. Defendant will not oppose the enforcement of the Final Judgment on the ground, if any exists, that it fails to comply with Rule 65(d) of the Federal Rules of Civil Procedure, and hereby waives any objection based thereon.

9. Defendant waives service of the Final Judgment and agrees that entry of the Final Judgment by the Court and filing with the Clerk of the Court will constitute notice to Defendant of its terms and conditions. Defendant further agrees to provide counsel for the Commission, within thirty days after the Final Judgment is filed with the Clerk of the Court, with an affidavit or declaration stating that Defendant has received and read a copy of the Final Judgment.

10. Consistent with 17 C.F.R. 202.5(f), this Consent resolves only the claims asserted against Defendant in this civil proceeding. Defendant acknowledges that no promise or representation has been made by the Commission or any member, officer, employee, agent, or representative of the Commission with regard to any criminal liability that may have arisen or may arise from the facts underlying this action or immunity from any such criminal liability. Defendant waives any claim of Double Jeopardy based upon the settlement of this proceeding, including the imposition of any remedy or civil penalty herein. Defendant further acknowledges that the Court's entry of a permanent injunction may have collateral consequences under federal or state law and the rules and regulations of self-regulatory organizations, licensing boards, and other regulatory organizations. Such collateral consequences include, but are not limited to, a statutory disqualification with respect to membership or participation in, or association with a member of, a self-regulatory organization. This statutory disqualification has consequences that are separate from any sanction imposed in an administrative proceeding. In addition, in any disciplinary proceeding before the Commission based on the entry of the injunction in this action, Defendant understands that he shall not be permitted to contest the factual allegations of the complaint in this action.

11. Defendant understands and agrees to comply with the Commission's policy "not to permit a defendant or respondent to consent to a judgment or order that imposes a sanction while denying the allegation in the complaint or order for proceedings." 17 C.F.R. § 202.5. In compliance with this policy, Defendant agrees: (i) not to take any action or to make or permit to be made any public statement denying, directly or indirectly, any allegation in the complaint or creating the

impression that the complaint is without factual basis; and (ii) that upon the filing of this Consent, Defendant hereby withdraws any papers filed in this action to the extent that they deny any allegation in the complaint. If Defendant breaches this agreement, the Commission may petition the Court to vacate the Final Judgment and restore this action to its active docket. Nothing in this paragraph affects Defendant's: (i) testimonial obligations; or (ii) right to take legal or factual positions in litigation or other legal proceedings in which the Commission is not a party.

12. Defendant hereby waives any rights under the Equal Access to Justice Act, the Small Business Regulatory Enforcement Fairness Act of 1996, or any other provision of law to seek from the United States, or any agency, or any official of the United States acting in his or her official capacity, directly or indirectly, reimbursement of attorney's fees or other fees, expenses, or costs expended by Defendant to defend against this action. For these purposes, Defendant agrees that Defendant is not the prevailing party in this action since the parties have reached a good faith settlement.

13. In connection with this action and any related judicial or administrative proceeding or investigation commenced by the Commission or to which the Commission is a party, Defendant (i) will accept service by mail or facsimile transmission of notices or subpoenas issued by the Commission for documents or testimony at depositions, hearings, or trials, or in connection with any related investigation by Commission staff; (ii) appoints Defendant's undersigned attorney as agent to receive service of such notices and subpoenas; (iii) with respect to such notices and subpoenas, waives the territorial limits on service contained in Rule 45 of the Federal Rules of Civil Procedure and any applicable local rules, provided that the party requesting the testimony reimburses Defendant's travel, lodging, and subsistence expenses at the then-prevailing U.S. Government per diem rates; and (iv) consents to personal jurisdiction over Defendant in any United States District Court for purposes of enforcing any such subpoena.

14. Defendant agrees that the Commission may present the Final Judgment to the Court for signature and entry without further notice.

15. Defendant agrees that this Court shall retain jurisdiction over this matter for the purpose of enforcing the terms of the Final Judgment.

Dated: 5/27/08

_____
Albert J. Bergonzi

On May 27, 2008 Albert J. Bergonzi, a person known to me, personally appeared before me and acknowledged executing the foregoing Consent.

_____
Notary Public
Commission expires: 2-17-2011

CONSENT OF ALBERT BERGONZI TO ENTRY OF FINAL JUDGMENT    5
Civ. No. 00-03570 SI

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br><br>vs.<br><br>JAY GILBERTSON, ALBERT BERGONZI, and DOMINICK DEROSA,<br><br>Defendants. | Civil Action No. 00-03570 SI<br><br>**[PROPOSED] FINAL JUDGMENT AS TO ALBERT BERGONZI** |

The Securities and Exchange Commission having filed a Complaint and Defendant Albert Bergonzi ("Defendant") having entered a general appearance; consented to the Court's jurisdiction over Defendant and the subject matter of this action; consented to entry of this Final Judgment without admitting or denying the allegations of the Complaint (except as to jurisdiction); waived findings of fact and conclusions of law; and waived any right to appeal from this Final Judgment:

I.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Defendant and Defendant's agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) of the Securities Exchange

Act of 1934 (the "Exchange Act") [15 U.S.C. § 78j(b)] and Rule 10b-5 promulgated thereunder [17 C.F.R. § 240.10b-5], by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

    (a)    to employ any device, scheme, or artifice to defraud;

    (b)    to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

    (c)    to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person.

## II.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant and Defendant's agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating Section 17(a) of the Securities Act of 1933 (the "Securities Act") [15 U.S.C. § 77q(a)] in the offer or sale of any security by the use of any means or instruments of transportation or communication in interstate commerce or by use of the mails, directly or indirectly:

    (a)    to employ any device, scheme, or artifice to defraud;

    (b)    to obtain money or property by means of any untrue statement of a material fact or any omission of a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or

    (c)    to engage in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser.

## III.

IT IS FURTHER ORDERED; ADJUDGED AND DECREED that Defendant and Defendant's agents, servants, employees, attorneys and all persons acting in concert or participation with any of them, who receive actual notice of this Judgment, by personal service or otherwise, and each of them,

are permanently enjoined and restrained from knowingly circumventing or failing to implement a system of internal accounting controls or knowingly falsifying any book, record, or account in violation of Section 13(b)(5) of the Exchange Act [15 U.S.C. § 78m(b)(5)].

IV.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that Defendant and Defendant's agents, servants, employees, attorneys and all persons acting in concert or participation with any of them, who receive actual notice of this Judgment by personal service or otherwise, and each of them, are permanently enjoined and restrained from, directly or indirectly, by falsifying or causing to be falsified any book, record or account in violation of Rule 13b2-1 under the Exchange Act [17 C.F.R. § 240.13b2-1].

V.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, pursuant to Section 21(d)(2) of the Exchange Act [15 U.S.C. § 78u(d)(2)], Defendant is prohibited from acting as an officer or director of any issuer that has a class of securities registered pursuant to Section 12 of the Exchange Act [15 U.S.C. § 78l] or that is required to file reports pursuant to Section 15(d) of the Exchange Act [15 U.S.C. § 78o(d)].

VI.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant shall pay a civil penalty in the amount of $110,000.00, pursuant to Section 21(d)(3) of the Exchange Act [15 U.S.C. § 78u(d)(3). Defendant shall make this payment within ten (10) business days after entry of this Final Judgment by certified check, bank cashier's check, or United States postal money order payable to the Securities and Exchange Commission. The payment shall be delivered or mailed to the Office of Financial Management, Securities and Exchange Commission, Operations Center, 6432 General Green Way, Mail Stop 0-3, Alexandria, Virginia 22312, and shall be accompanied by a letter identifying Albert Bergonzi as a defendant in this action; setting forth the title and civil action number of this action and the name of this Court; and specifying that payment is made pursuant to this Final Judgment. Defendant shall pay post-judgment interest on any delinquent amounts pursuant to 28

1  USC § 1961. The Commission shall remit the funds paid pursuant to this paragraph to the United
2  States Treasury.
3                                          VII.
4       IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant's Consent is
5  incorporated herein with the same force and effect as if fully set forth herein, and that Defendant shall
6  comply with all of the undertakings and agreements set forth therein.
7                                          VIII.
8       IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain
9  jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.
10
11
12 Dated: _____
13                                              _____
                                                 UNITED STATES DISTRICT JUDGE
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

ORIGINAL

RECEIVED

JUN 6 2008

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br><br>vs.<br><br>JAY GILBERTSON, ALBERT BERGONZI, and DOMINICK DEROSA,<br><br>Defendants. | Civil Action No. 00-03570 SI<br><br>**[PROPOSED] FINAL JUDGMENT AS TO ALBERT BERGONZI** |

The Securities and Exchange Commission having filed a Complaint and Defendant Albert Bergonzi ("Defendant") having entered a general appearance; consented to the Court's jurisdiction over Defendant and the subject matter of this action; consented to entry of this Final Judgment without admitting or denying the allegations of the Complaint (except as to jurisdiction); waived findings of fact and conclusions of law; and waived any right to appeal from this Final Judgment:

I.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Defendant and Defendant's agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) of the Securities Exchange

[PROPOSED] FINAL JUDGMENT AS TO
ALBERT BERGONZI
Civ. No. 00-03570 SI

1 Act of 1934 (the "Exchange Act") [15 U.S.C. § 78j(b)] and Rule 10b-5 promulgated thereunder
2 [17 C.F.R. § 240.10b-5], by using any means or instrumentality of interstate commerce, or of the
3 mails, or of any facility of any national securities exchange, in connection with the purchase or sale of
4 any security:

5     (a)    to employ any device, scheme, or artifice to defraud;

6     (b)    to make any untrue statement of a material fact or to omit to state a material fact
7                 necessary in order to make the statements made, in the light of the circumstances
8                 under which they were made, not misleading; or

9     (c)    to engage in any act, practice, or course of business which operates or would
10                 operate as a fraud or deceit upon any person.

11                                  II.

12        IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant and
13 Defendant's agents, servants, employees, attorneys, and all persons in active concert or participation
14 with them who receive actual notice of this Final Judgment by personal service or otherwise are
15 permanently restrained and enjoined from violating Section 17(a) of the Securities Act of 1933 (the
16 "Securities Act") [15 U.S.C. § 77q(a)] in the offer or sale of any security by the use of any means or
17 instruments of transportation or communication in interstate commerce or by use of the mails,
18 directly or indirectly:

19     (a)    to employ any device, scheme, or artifice to defraud;

20     (b)    to obtain money or property by means of any untrue statement of a material fact or any
21                 omission of a material fact necessary in order to make the statements made, in light of
22                 the circumstances under which they were made, not misleading; or

23     (c)    to engage in any transaction, practice, or course of business which operates or would
24                 operate as a fraud or deceit upon the purchaser.

25                                  III.

26        IT IS FURTHER ORDERED; ADJUDGED AND DECREED that Defendant and Defendant's
27 agents, servants, employees, attorneys and all persons acting in concert or participation with any of
28 them, who receive actual notice of this Judgment, by personal service or otherwise, and each of them,

are permanently enjoined and restrained from knowingly circumventing or failing to implement a system of internal accounting controls or knowingly falsifying any book, record, or account in violation of Section 13(b)(5) of the Exchange Act [15 U.S.C. § 78m(b)(5)].

IV.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that Defendant and Defendant's agents, servants, employees, attorneys and all persons acting in concert or participation with any of them, who receive actual notice of this Judgment by personal service or otherwise, and each of them, are permanently enjoined and restrained from, directly or indirectly, by falsifying or causing to be falsified any book, record or account in violation of Rule 13b2-1 under the Exchange Act [17 C.F.R. § 240.13b2-1].

V.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, pursuant to Section 21(d)(2) of the Exchange Act [15 U.S.C. § 78u(d)(2)], Defendant is prohibited from acting as an officer or director of any issuer that has a class of securities registered pursuant to Section 12 of the Exchange Act [15 U.S.C. § 78l] or that is required to file reports pursuant to Section 15(d) of the Exchange Act [15 U.S.C. § 78o(d)].

VI.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant shall pay a civil penalty in the amount of $110,000.00, pursuant to Section 21(d)(3) of the Exchange Act [15 U.S.C. § 78u(d)(3). Defendant shall make this payment within ten (10) business days after entry of this Final Judgment by certified check, bank cashier's check, or United States postal money order payable to the Securities and Exchange Commission. The payment shall be delivered or mailed to the Office of Financial Management, Securities and Exchange Commission, Operations Center, 6432 General Green Way, Mail Stop 0-3, Alexandria, Virginia 22312, and shall be accompanied by a letter identifying Albert Bergonzi as a defendant in this action; setting forth the title and civil action number of this action and the name of this Court; and specifying that payment is made pursuant to this Final Judgment. Defendant shall pay post-judgment interest on any delinquent amounts pursuant to 28

[PROPOSED] FINAL JUDGMENT AS TO 3
ALBERT BERGONZI
Civ. No. 00-03570 SI

USC § 1961. The Commission shall remit the funds paid pursuant to this paragraph to the United States Treasury.

VII.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant's Consent is incorporated herein with the same force and effect as if fully set forth herein, and that Defendant shall comply with all of the undertakings and agreements set forth therein.

VIII.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.

Dated: 6/6/08

_Susan Illston_
UNITED STATES DISTRICT JUDGE